UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHRISTOPHER S. MEHAFFIE | § | CASE NO. 09-31689-H4-13 |
| | § | |
| DEBTOR | § | CHAPTER 13 |
| | § | |

**DEBTOR'S MOTION FOR ENTRY OF ORDER DISALLOWING CLAIM OF APPLEWAY EQUIPMENT LEASING, INC. (CLAIM #13)**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Comes now, Christopher S. Mehaffie ("Debtor"), and files this Motion for Entry of Order Disallowing Claim No. 13 filed by Appleway Equipment Leasing, Inc. ("Appleway"), and in support thereof would respectfully show as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Sections 1334(b), 157(a), and 157(b)(1). This dispute is a core proceeding pursuant to 28 U.S.C. Sections 157(b)(2)(A),(B), and (O). Venue is proper pursuant to 28 U.S. C. Section 1408(1).

**FACTUAL BACKGROUND**

2. Debtor filed his chapter 13 case on March 11, 2009.

3. Schedule "F" of the Bankruptcy Schedules sets forth a claim owed to Appleway (Docket No. 15 and as amended, Docket No. 37). The claim is listed as contingent, unliquidated, and disputed because (a) Appleway filed a pre-petition lawsuit against the Debtor and other non-debtor parties; (b) the lawsuit is pending; and (c) it has not been reduced to judgment.

1

4. On June 15, 2009, Appleway filed a proof of claim in the total amount of $659,613.65. (Claim No. 13). Paragraph 2 on the proof of claim states that the basis for the claim is breach of contract and fraud. No agreement or contract is attached in support of the contract claim. Paragraph 7 on the proof of claim does not provide an explanation for Appleway's failure to attach an agreement or contract. Attached to the proof of claim is an Exhibit "A" and Exhibit "B". Exhibit "A" appears to be an unverified statement pertaining to Appleway and a non-debtor entity, D & L Truck Center USA, Inc. Exhibit "B" appears to be a copy of an amended complaint filed by Appleway against the Debtor and a non-debtor party, D & L Truck Center USA, Inc..

5. On June 17, 2009, the Debtor lodged its objection to Appleway's proof of claim setting forth as follows (Docket No. 75):

   a) The documentation attached to the Appleway's proof of claim is insufficient to support the alleged claim;

   b) The documentation attached to the claim of Appleway fails to satisfy the requirements of Fed. R. Bankr. P. 3001 and therefore the claim does not enjoy the presumption of validity;

   c) Appleway's proof of claim fails to include any writing signed by the Debtor which is required to assert a personal liability on the debt;

   d) Exhibit "A" attached to Appleway's proof of claim fails to attach any supporting documentation for the amounts set forth therein, which would include the alleged deficiencies, gross balances, damages, and attorneys fee; and

   e) Appleway's proof of claim fails to give a reason why supporting documents have not been attached.

6. The Debtor's objection contains a certificate of service setting forth service on Appleway and its attorney of record.

7. The Debtor's objection to Appleway's proof of claim contained the required 20 day notice provision.

8. Appleway failed to file a response within the required time frame.

9. Because no response was filed, the Debtor filed a proposed default order on July 17, 2009. (Docket No. 87). No action has been taken on the proposed default order.

10. After the Debtor filed the proposed default order, Appleway filed a response without responding to the substantive issues raised in the Debtor's objection (Docket No. 88). Appleway did not seek leave to file its untimely response. Appleway did not explain why a contract was not attached to its proof of claim. Appleway did not explain why a timely response was not filed. The response basically states that the claim objection is combined with a pending adversary proceeding which is scheduled for trial on December 14, 2009 (see Adv. No. 09-03230 - Complaint to Determine Dischargeability of Debt Under Section 523 and for Damages).

11. Appleway's proof of claim was filed in the Debtor's main case and has to do with claim allowance. The fact that it is being heard on the same day as Appleway's dischargeability action does not excuse or waive the filing of a response or compliance with the Bankruptcy Rules.

12. Appleway has not sought leave to amend its proof of claim nor has Appleway filed an amended proof of claim. The bar date set in this case for filing claims for non-governmental entities was July 23, 2009.

## ARGUMENT AND LEGAL AUTHORITY IN SUPPORT OF RELIEF SOUGHT

13.     Apparently, Appleway believes it can ignore the noted time frame for filing a response to an objection to claim and simply stand on its claim without filing a response.

14.     Appleway filed its claim without attaching documentation in support of its contract claim and without giving a reason why a contract between Debtor and Appleway could not be attached.  Appleway has not complied with Official Form 10.

15.     Appleway has violated Bankruptcy Rule 3001 (c) .  Appleway has ignored this Court's ruling in *In re Gilbreath*, 395 B.R. 356 (Bankr. S.D. Tex. 2008) by failing to attach documentation in support of its contract claim.

16.     Appleway has the initial burden of coming forward with documentation to support its claim.  Appleway has not met its initial burden.

17.     Appleway's asserted fraud claim has not been reduced to judgment and cannot be provided presumptive validity.

18.     Appleway has failed to raise any issues in response to the Debtor's objection to its claim and its claim must be disallowed.

## RELIEF REQUESTED

18.     Appleway's disregard of the Bankruptcy Rules and the rulings of this Court speaks to the allowability of its claim in the Debtor's main bankruptcy case.  Appleway has filed an untimely response without leave of Court,  failed to respond to the merits of the Debtor's objection, and has failed to attach necessary documentation in support of its claim.   Debtor would request that the Court sustain its objection and disallow Appleway's proof of claim.

Wherefore, Christopher S. Mehaffie, the Debtor herein,  requests  this Court to sustain its

objection and disallow the claim of Appleway Equipment Leasing, Inc., and grant him such other and further relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted this 12th day of August, 2009.

>/s/ Karen R. Emmott
> KAREN R. EMMOTT
> 4615 SW Frwy., Ste 500
> Houston, TX 77027
> 713-739-0008 (tel)
> 713-481-6262 (fax)
> Attorney for Debtor

### CERTIFICATE OF SERVICE

This is to certify that a true and correct of the foregoing Motion for Entry of Order Disallowing Claim has been sent to the below listed persons via first class mail, postage prepaid, unless otherwise served by the ECF system on August 12 , 2009.

United States Trustee
515 Rusk, 3rd Floor
Houston, TX 77002

Chapter 13 Trustee
David G. Peake
9660 Hillcroft, Ste 430
Houston, TX 77096

Debtor
Christopher S. Mehaffie
3806 Seashore Circle
Seabrook, TX 77586

Attorney for Appleway Equipment Leasing, Inc.
Hugh M. Ray, III
Weycer, Kaplan, Pulaski & Zuber, PC
Eleven Greenway Plaza, Ste 1400
Houston, TX 77046

>/s/ Karen R. Emmott
>KAREN R. EMMOTT