B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN  District of  TEXAS

In re: CHRISTOPHER S. MEHAFFIE
Debtor:

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No. *  09-31689-H3-13

To: Larry Marsh
819 Lehman
Houston, TX 77018

Chapter  11

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| McKool Smith, P.C.<br>600 Travis, Suite 7000, Houston, TX 77002 | November 19, 2009 at 9:00 a.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED

| PLACE | DATE AND TIME |
|---|---|
| McKool Smith, P.C.<br>600 Travis, Suite 7000, Houston, TX 77002 | November 19, 2009 at 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

ISSUING OFFICER SIGNATURE AND TITLE: [signature]   DATE: 10/28/2009

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER:
Hugh M. Ray, III, McKool Smith, P.C., 600 Travis, Suite 7000, Houston, Texas 77002 - (713) 485-7303

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | 10/28/09 | 819 Lehman St., Houston, TX 77018 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Larry Marsh | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

600 Travis, Suite 7000, Houston, Texas 77002

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHRISTOPHER S. MEHAFFIE | § | CASE NO. 09-31689-H3-13 |
| Debtor | § | |

## NOTICE OF EXAMINATION UNDER RULE 2004 AND SUBPOENA DUCES TECUM

To: Larry Marsh, 819 Lehman, Houston, Texas 77018

NOTICE IS HEREBY GIVEN that Appleway Equipment Leasing, Inc., a creditor and party-in-interest to the above-captioned Bankruptcy Estate, intends to conduct an examination under FRBP 2004 of Larry Marsh on **November 19, 2009, beginning at 9:00 a.m.** The examination will take place at the offices of **McKool Smith, PC, 600 Travis, Suite 7000, Houston, Texas 77002**, and continue from day to day until completed. The examination may be videotaped. The examination will cover the following matters:

(i) the acts, conduct or property of the Debtor;
(ii) the liabilities and financial condition of the Debtor;
(iii) matters that may affect the administration of the Debtor's Estate;
(iv) the Debtor's right to a discharge;
(v) the affairs, relationships and/or property of the Debtor and any companies or persons affiliated with the Debtor and/or any predecessors-in-interest or affiliated companies or individuals;
(vi) operation of the Debtor's business and desirability of its continuance; and
(vii) any other matter relevant to the case.

The examination is deemed ordered unless an objection is timely filed with the Court pursuant to Bankruptcy Local Rule 2004.

DATED: October 28, 2009

1

Dallas 289353v1

Respectfully submitted,

MCKOOL SMITH, P.C.

By: _____
HUGH M. RAY, III
State Bar No. 24004246
Federal I.D. No. 22090
600 Travis, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Facsimile:  (713) 485-7344

ATTORNEYS FOR CREDITOR
APPLEWAY EQUIPMENT LEASING, INC.

## CERTIFICATE OF SERVICE

On October 28, 2009 I hereby certify that a true and correct copy of the foregoing Notice of Rule 2004 Examination and Subpoena Duces Tecum has been served via facsimile, first class mail and/or electronic mail, upon the following:

Larry Marsh
819 Lehman
Houston, TX  77018

Karen R. Emmott
4615 Southwest Freeway, Suite 500
Houston, Texas 77027

_____
HUGH M. RAY, III

2

Dallas 289353v1

## Exhibit "A"

### DEFINITIONS AND TERMS

The following terms shall have the meanings set forth below:

1. "You," "your," or "Debtor" shall refer to Larry Marsh as his agents, employees, private investigators, representatives, predecessors, successors, and all other persons acting for or on his behalf, including his wife.

2. "D & L" means D & L Truck Center USA, Inc. and any predecessor or successor entity.

3. "Document" or "writing" means any form of data compilation whether produced, reproduced, or stored on paper, cards, tapes, disks, belts, charts, films, computer storage devices, or any other medium and shall include, but not be limited to, any letter, note memorandum, article, book, published material, report, study, statement, speech, notebook, application, calendar, working paper, manual, brochure, analysis, telegram, transcript, summary, diary, agreement, contract, log, appointment book, graph, drawing, chart, financial statement, bank statement, bank check, deposit slip, receipt, invoice, bookkeeping entry, photograph, photostat, microfilm, x-ray film, sound recording, motion picture, videotape, or any other type of mechanical, electronic or magnetic impulse recording, and shall also include, but not be limited to, any draft or copy (with or without notes of changes thereon) of a writing or document in the possession, custody or control of Defendant or any officer, employee, consultant, agent, or counsel of or for Defendant. This definition specifically includes e-mail communications.

4. "Person" means and includes natural persons, governmental entities and agencies, proprietorships, partnerships, corporations, and all other forms or organizations or associations.

Dallas 289353v1

5. "Asset" or "Assets" as used herein shall mean and include all real property, personalty, and intangibles such as land and improvements thereon, buildings, mineral interests, mineral royalty rights, working interests, farmout interests, any currency or contract therefor (such as a check or bond or account, including any custodial account, SEP IRA, retirement account, trust account, UGTMA account, Section 529 plan, whole life policy, annuity or other right), royalty rights for a patent, trademark, or copyright, any certificate or share evidencing an ownership interest in any entity (even "bearer shares" not in your current possession, but which you have a right to possess or control), but "assets" does not include causes of action, rights to indemnity, or rights of contribution.

6. "Possession" means and includes documents actually within Deponent's possession, custody or control, including any employee, consultant, aide or other representative (including, without limitation, attorneys and accountants) and any other person acting or purporting to act on your behalf or in concert with Deponent, and includes any temporary placing of possession, custody or control in any third party by any of the foregoing persons.

7. "Relating to" or "evidencing" means refers to, relates to, concerns, reflects, contains, embodies, or in any manner pertains to the subject matter of the case.

8. The word "and" includes "or" and vice versa.

9. If any documents responsive to this subpoena are withheld on the basis of any privilege, please furnish a list containing the following information:

    a. the privilege asserted, and
    b. identification of the document by providing the date of the document, the author of the document, the recipients of the document and all persons who have reviewed same, and the general subject matter of the document.

10. Deponent is required to produce all documents in response to this notice and Subpoena as they are kept in the usual course of business, or organized and labeled to correspond

4

with the categories in this request. Accordingly, whenever a document or group of documents is taken out of a file folder, file drawer, file box. or notebook, before the same is produced, please also produce a copy of the label on the file folder, file drawer, file box or notebook from which the document of group of documents was removed.

11. In the event that any document requested has been lost or destroyed, please identify such document by author, addressee, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, all persons who had custody of each document, date of loss or destruction, please also identify the person responsible for the loss or destruction.

12. "Signatory Authority" means that, by your order, signature, or invocation of right, you may force an action to be taken that would otherwise not be taken.

13. "Correspondence" means any communication of an author's thoughts via letter, facsimile, email, or otherwise sent for the purpose of communicating the thought to the recipient. "Correspondence" therefore does not usually include bills, invoices or publications.

14. "Consideration" means the right, interest, profit or benefit given or forbearance, detriment, loss, or responsibility undertaken in exchange for the transfer of an Asset or right.

15. "Financial Institution" means any person that holds, invests, or lends Assets as part of its business.

16. "Family member" means a relative of the Debtor or his spouse within three degrees of consanguinity or affinity.

## DOCUMENTS TO BE PRODUCED

1. All balance sheets, income statements, ledgers, journals, agings, trial balances, and/or any other financial or business records of D & L Truck Center USA, Inc., along with supporting documentation.

2. Any documents, loan files or correspondence relating to Tennessee Commerce Bank.

3. Any licenses, permits, authorizations, or other documents evidencing permission conferred upon you by any governmental authority or subdivision thereof (including, but not limited to, contractor's licenses, driver's licenses and pilot's licenses), if such permission existed at any time between January 1, 2005 and the present.

4. All documents created within the past two years relating to any account of whatever kind and wherever located held in the name of D & L, if such account existed after January 1, 2000.

5. All documents in your possession evidencing any account of whatever kind and wherever located that contains Assets in which an officer or director of D & L, or D & L itself, maintained any beneficial interest or signatory authority at any time between January 1, 2000 and the date of this subpoena.

6. All documents used in the creation or maintenance of a joint venture formed by D & L between January 1, 2000 and the present.

7. Copies of all shares of D & L's stock.

8. All minutes and resolutions by D & L's Board of Directors created at any time between January 1, 2000 and the present.

9. All minutes or resolutions by the shareholders of D & L created at any time between January 1, 2000 and the present.

10. Any and all articles of incorporation for D & L, including any amendments.

11. Checks or copies of checks (front and back), bank statements, deeds or other documentation evidencing the transfer, sale or other disposition of real property or any interest therein (including any mineral interest), from, to, or for the benefit of D & L if such documents were generated during the period January 1, 2001 to the present.

12. Copies of all documents relating to debts owed to you by any entity, insurance company, trust, corporation, partnership, joint venture, or person, including, but not limited to, liens, mortgages, bonds, quitclaim deeds, corporation deeds, stocks, promissory notes, letters of

6

credit, negotiable instruments, chattel paper, annuities, or any evidence of indebtedness to D & L for the period January 1, 2001 to the present.

13. All encryption passwords or codes or encryption systems used to decipher or understand any documents produced.

14. All cash journals and account receivable business records for D & L, within the past 6 years.

15. All notes, contracts, security agreements, conditional sales contracts, and pledge agreements which an officer of D & L signed or which name D & L as a party, dated within the past four years.

16. Any documents relating to Assets you acquired from D & L.

17. Any documents relating to Assets transferred from you to D & L or any family member within three degrees of consanguinity or affinity, including corporations in which your family member holds a position as officer, director, or fiduciary.

18. D & L's Internal Revenue Service form 1120, if any, for the tax years 2000, 2001, 2002, 2003 and 2004, together with all schedules, attachments, and documents related thereto, including checks, vouchers, work papers, supporting documents and/or computer files.

19. All documents evidencing the purchase, creation, capitalization, or transfer of any interest in D & L.

20. All documents evidencing correspondence between yourself and any representative of a financial institution or D & L if the correspondence was generated between January 1, 2001 and the date of this subpoena. '

21. All Correspondence between D & L and Appleway Equipment Leasing, Inc.

22. All Correspondence between you and D & L.

23. All Correspondence between D & L and any governmental entity or subdivision.

24. All Correspondence between D & L and any Financial Institution.

25. Any documents relating to or evidencing insurance policies, schedules or riders of D & L (or any other company controlled or owned by you) including (but not limited to) a General Commercial Liability insurance policy, schedules thereto, any automobile insurance policies, any workmen's comp policies, any casualty, theft, fire or flood insurance, and any life insurance or annuity that was in effect from 2004 to the date of this subpoena.

Dallas 289353v1